USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/23/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
G & G STEEL, INC.,                                          :
:
                Plaintiff,                                :      06 Civ. 1840 (CSH)
:
                -against-                                :
:      **MEMORANDUM OPINION**
:      **AND ORDER**
SEA WOLF MARINE TRANSPORTATION,                             :
LLC,                                                        :
                Defendant.                             :
------------------------------------------------------------ X

Haight, Senior District Judge:

    Defendant Sea Wolf Marine Transportation, LLC ("Sea Wolf") moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint of plaintiff G & G Steel, Inc. ("G & G") for failure to state a claim upon which relief can be granted,[1] or in the alternative for summary judgment under Rule 56. The Court treats the motion as falling under Rule 56, because relevant documents, namely a time charter party and marine insurance policies, are not specifically incorporated in the complaint but are placed before the Court as exhibits to the affidavit of G & G's president. All pertinent issues of fact and law have been thoroughly briefed by the parties and the case is ripe for adjudication under Rule 56.

    The factual background and procedural history of the case, which involves a maritime tort, are set forth in the Court's prior opinion in this case, reported at 2008 WL 192049 (S.D.N.Y. Jan. 23, 2008) ("the January Opinion"), familiarity with which is assumed, and need not be recounted here.

---

[1] Sea Wolf's motion papers do not specify which of the several provisions of Rule 12 it relies upon. The thrust of the motion would appear to be under Rule 12(b)(6).

1

Sea Wolf's contention that the Court's prior ruling constitutes the law of the case and requires dismissal of the complaint is correct. G & G's arguments to the contrary repeat the contentions and recite the authorities that the Court rejected in the January Opinion, holding that G & G's proposed amended complaint was futile under the governing admiralty law. Dismissal of G & G's original complaint necessarily follows from the January Opinion as the night the day. It is not necessary for Sea Wolf to invoke the law of the case doctrine. G & G's original complaint must be dismissed for the reasons stated in the January Opinion refusing to allow its proposed amended complaint.

The Clerk of the Court is directed to dismiss the complaint with prejudice.

It is SO ORDERED.

Dated: New York, New York
October 13, 2009

_____
CHARLES S. HAIGHT, JR.
SENIOR UNITED STATES DISTRICT JUDGE